U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2019 OCT 18 PM 12: 09

CLERK
BY_ LAW
     DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| NANCY M. HAYNES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:19-cv-164 |
| ) | |
| SEAN HAGGERTY, ) | |
| ) | |
| Defendant. ) | |

### ENTRY ORDER DENYING PLAINTIFF'S MOTIONS FOR A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION
(Docs. 2 and 3)

Pending before the court are the motions of Plaintiff Nancy M. Haynes for a temporary restraining order and a preliminary injunction to prevent Defendant Sean Haggerty from transferring, liquidating, or otherwise disposing of any of his assets. (Docs. 2 and 3.) On October 1, 2019, the court held an evidentiary hearing on Plaintiff's request for a temporary restraining order and for a preliminary injunction. Defendant did not appear despite having been served with the Verified Complaint and the Plaintiff's motions. At the hearing, Plaintiff testified to the facts alleged in the Verified Complaint. The court asked Plaintiff's counsel to address whether controlling legal precedent foreclosed Plaintiff's claim for injunctive relief by October 15, 2019. Plaintiff filed an amended complaint on October 2, 2019, but did not timely file any supplemental briefing in support of her requests for injunctive relief. The court's temporary restraining order expired by its own terms on October 15, 2019.

"A preliminary injunction is an extraordinary remedy never awarded as of right. In each case, courts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.'" *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (internal citation omitted) (quoting *Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 542 (1987)). "A party seeking a

preliminary injunction must generally show a likelihood of success on the merits, a likelihood of irreparable harm in the absence of preliminary relief, that the balance of equities tips in the party's favor, and that an injunction is in the public interest." *ACLU v. Clapper*, 804 F.3d 617, 622 (2d Cir. 2015). Unless the moving party seeks injunctive relief against a government entity acting in the public interest, an injunction may also issue where the movant can establish irreparable injury and "sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party." *Otoe-Missouria Tribe of Indians v. N.Y. State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014) (internal quotation marks omitted).

"To establish irreparable harm, a party seeking preliminary injunctive relief must show that 'there is a continuing harm which cannot be adequately redressed by final relief on the merits' and for which 'money damages cannot provide adequate compensation.'" *Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002) (quoting *N.Y. Pathological & X-Ray Labs., Inc. v. Immigration & Naturalization Serv.*, 523 F.2d 79, 81 (2d Cir. 1975)). "A showing of irreparable harm is 'the single most important prerequisite for the issuance of a preliminary injunction.'" *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009) (quoting *Rodriguez v. DeBuono*, 175 F.3d 227, 234 (2d Cir. 1999)). The Second Circuit has directed district courts to "determine irreparable injury by considering what adverse factual consequences the plaintiff apprehends if an injunction is not issued, and then considering whether the infliction of those consequences is likely to violate any of the plaintiff's rights." *Time Warner Cable of N.Y.C. v. Bloomberg L.P.*, 118 F.3d 917, 924 (2d Cir. 1997).

Although preliminary injunctions are generally not available for injuries that can be adequately compensated by an award of money damages, in 1999 the Second Circuit recognized an insolvency exception to this rule, holding that irreparable harm may result "where, but for the grant of equitable relief, there is a substantial chance that upon final resolution of the action the parties cannot be returned to the positions they previously occupied." *Brenntag Int'l Chems., Inc. v. Bank of India*, 175 F.3d 245, 249 (2d Cir.

2

1999). "For this reason, courts have excepted from the general rule regarding monetary injury situations involving obligations owed by insolvents." *Id.* at 250.

The United States Supreme Court rejected the insolvency exception in *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 333 (1999) (hereinafter, "*Grupo Mexicano*"). There, the Court reversed the Second Circuit's conclusion that a preliminary injunction could properly issue to prevent a defendant from disposing of its assets pending adjudication of a plaintiff's contract claim for money damages. The Court grounded its decision on the historical powers of district courts, observing that "the substantive rule [was] that a general creditor (one without a judgment) had no cognizable interest, either at law or in equity, in the property of his debtor, and therefore could not interfere with the debtor's use of that property." *Id.* at 319-20. It therefore held that courts must "follow the well-established general rule that a judgment establishing the debt was necessary before a court of equity would interfere with the debtor's use of his property." *Id.* at 321. The Court noted that:

> there is absolutely nothing new about debtors[] trying to avoid paying their debts, or seeking to favor some creditors over others—or even about their seeking to achieve these ends through sophisticated strategies[.] The law of fraudulent conveyances and bankruptcy was developed to prevent such conduct; an equitable power to restrict a debtor's use of his unencumbered property before judgment was not.

*Id.* at 322 (internal quotation marks, citation, and alteration omitted).

The Court further observed that a preliminary injunction freezing assets on the basis of a debt that had not been reduced to judgment "could render Federal Rule of Civil Procedure 64, which authorizes use of state prejudgment remedies, a virtual irrelevance. Why go through the trouble of complying with local attachment and garnishment statutes when this all-purpose prejudgment injunction is available?" *Id.* at 330-31. The availability of such an injunction would "radically alter the balance between debtor's and creditor's rights which has been developed over centuries through many laws—including those relating to bankruptcy, fraudulent conveyances, and preferences." *Id.* at 331. "[S]uch a remedy might induce creditors to engage in a 'race to the courthouse' in cases

3

involving insolvent or near-insolvent debtors, which might prove financially fatal to the struggling debtor." *Id.* The Court concluded that "[e]ven when sitting as a court in equity, [it had] no authority to craft a 'nuclear weapon' of the law like the one advocated here[,]" *id.* at 332, and "[b]ecause such a remedy was historically unavailable from a court of equity, we hold that the District Court had no authority to issue a preliminary injunction preventing [the defendant] from disposing of its assets pending adjudication of [the plaintiff's] contract claim for money damages." *Id.* at 333.

The Second Circuit has interpreted *Grupo Mexicano* to limit a court's power to enjoin the disposal of assets where the plaintiff has a claim for money damages at law, and not a claim for equitable relief. *See Gucci America, Inc. v. Weixing Li*, 768 F.3d 122, 131 (2d Cir. 2014) ("Pursuant to *Grupo Mexicano*, then, district courts have no authority to issue a prejudgment asset freeze pursuant to Rule 65 where such relief was not 'traditionally accorded by courts of equity.'"). Here, Plaintiff seeks only money damages. Any exception to *Grupo Mexicano* is thus inapplicable.

Where a party fails to show "irreparable injury that would justify preliminary injunctive relief[,]" a request for a temporary restraining order or a preliminary injunction must be denied. *Dexter 345 Inc. v. Cuomo*, 663 F.3d 59, 64 (2d Cir. 2011) (affirming denial of preliminary injunction where party alleged harm that was not imminent and could be remedied by money damages); *Westchester Fire Ins. Co. v. DeNovo Constructors, Inc.*, 177 F. Supp. 3d 810, 814 (S.D.N.Y. 2016) (denying motion for preliminary injunction to protect assets available to satisfy a judgment where plaintiff failed to demonstrate irreparable harm). Because Plaintiff has not demonstrated irreparable harm and because *Grupo Mexicano* applies without exception, the court need not consider Plaintiff's likelihood of success on the merits.

## CONCLUSION

For the reasons stated above, Plaintiff's request for a temporary restraining order and a preliminary injunction to protect her prospective ability to satisfy a judgment against Defendant is DENIED.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 18th day of October, 2019.

Christina Reiss, District Judge
United States District Court