UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

NANCY M. HAYNES,

              Plaintiff,

    v.                                    CIVIL ACTION NO.: 2:19-cv-164-cr

SEAN HAGGERTY,

              Defendant.

**MOTION TO SEAL CASE**

The defendant, Sean Haggerty, moves that 12 V.S.A. §522(b) be applied and the case sealed. That statute states:

> (b) If a complaint is filed alleging an act of childhood sexual abuse, the complaint shall immediately be sealed by the clerk of the court. The complaint shall remain sealed until the answer is served or, if the defendant files a motion to dismiss under Rule 12(b) of the Vermont Rules of Civil Procedure, until the court rules on that motion. If the complaint is dismissed, the complaint and any related papers or pleadings shall remain sealed. Any hearing held in connection with the motion to dismiss shall be in camera.
>     12 V.S.A. §522

Jurisdiction in this case is based solely on diversity of citizenship, under 28 U.S.C. §1332(a). Doc. 12, ¶4. In a diversity case, the Court follows state law on substantive issues and federal law on procedure. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938). Substantive state law and policy applies: "What is more important, diversity jurisdiction must follow State law and policy." *Angel v. Bullington*, 330 U.S. 183, 192, 67 S. Ct. 657, 662, 91 L. Ed. 832 (1947). Generally, the purpose is to avoid disregard of state law: "Erie R. Co. v. Tompkins has been applied with an eye alert to essentials in avoiding disregard of State law in diversity cases in the federal courts." *Guar. Tr. Co. of N.Y. v. York*, 326 U.S. 99, 110, 65 S. Ct. 1464, 1470, 89 L. Ed. 2079 (1945).

The Amended Complaint alleges "childhood sexual abuse", and refers to 12 V.S.A. §522. Doc. 12, ¶16.  Paragraph (b) of that statute, the basis for this motion, conveys a substantive right, not a procedural rule.  The right conferred to the defendant, and Vermont's policy indicated in that provision, is for allegations of childhood sexual abuse to be sealed and not shared with the world at least until the defendant has had a chance to move to dismiss, or has answered.  If the case is dismissed, then the right becomes even more significant, by precluding the accusations from the public realm.  It is a limited substantive right, but one which Vermont saw fit to protect.

The "twin aims of the Erie rule" are "discouragement of forum-shopping and avoidance of inequitable administration of the laws." *Hanna v. Plumer*, 380 U.S. 460, 468, 85 S. Ct. 1136, 1142, 14 L. Ed. 2d 8 (1965).  If this case had been filed in Vermont Superior Court, the case would automatically have been sealed.  The plaintiff cannot circumvent Vermont law, namely the limited privacy protection afforded to a defendant accused of sexual assault, just by choosing to file in Federal instead of State Court.  This is directly contrary to both *Erie* aims.

Defendant requests that 12 V.S.A. §522(b) be applied to seal this case and that any hearing be held in camera until the Motion to Dismiss has been ruled on.

Dated: Rutland, Vermont
         November 6, 2019

RYAN SMITH & CARBINE, LTD.

By: /s/ *Antonin Robbason*

Antonin Robbason, Esq.
Mark F. Werle, Esq.
Francesca M. Bove, Esq.
*Attorneys for the defendant*
SEAN HAGGERTY
P.O. Box 310
Rutland, VT 05702-0310
(802) 786-1070
mfw@rsclaw.com
fmb@rsclaw.com
aizr@rsclaw.com