UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| NANCY M. HAYNES,<br>    Plaintiff | )<br>)<br>) |
| v. | )   Case No. 2:19-cv-164<br>) |
| SEAN A. HAGGERTY,<br>    Defendant | )<br>)<br>) |

### RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO SEAL CASE

Plaintiff Nancy Haynes, by her attorneys, Gravel & Shea PC, hereby opposes Defendant Sean Haggerty's Motion to Seal Case. In support of her opposition, Nancy Haynes provides the following memorandum of law.

### Procedural Posture

Nancy Haynes filed the First Amended Complaint against Defendant Sean Haggerty on October 2, 2019. Counsel for Defendant filed the Motion to Seal Case on November 11, 2019. By stipulation, Nancy Haynes agreed to file her Opposition by November 13, 2019, and Defendant agreed to file his Reply within one calendar day of the Opposition, i.e., by November 14, 2019. Nancy Haynes now opposes the Motion to Seal Case.

### Relief Requested

Nancy Haynes requests that this Court deny Defendant's Motion to Seal the Case.

### Argument

Defendant seeks to seal this case pursuant 12 V.S.A. § 522(b). Title 12 of the Vermont Statutes, in which section 522(b) appears, governs procedure in Vermont state courts. *See*

gravel &
shea  ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
76 St. Paul Street
P.O. Box 369
Burlington, Vermont 05402-0369

12 V.S.A. §§ 1, *et seq.* Under the *Erie* doctrine, "federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Center for Humanities*, 518 U.S. 415, 427 (1996) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)). As noted, 12 V.S.A. § 522(b) is codified within Title 12 of the Vermont Statutes, which explicitly governs "Court Procedure." The plain text of 12 V.S.A. § 522(b) directs the procedural steps to be taken by the clerk of the court. *See* 12 V.S.A. § 522(b) ("If a complaint is filed alleging an act of childhood sexual abuse, the complaint shall immediately be sealed by the clerk of the court."). Section 522(b) directs the conduct of the clerk. It does not establish a substantive state law. 12 V.S.A. § 522(b) is procedural. Therefore, the *Erie* doctrine requires that federal, not state, procedural rules be applied in the present suit.

Moreover, even if 12 V.S.A. § 522(b) were applicable to this litigation, it would be nullified here by both the First Amendment and the common law rights of access to court records. *See Newsday, LLC v. Cty. of Nassau*, 730 F.3d 156 (2d Cir. 2013) ("Federal courts employ two related but distinct presumptions in favor of public access to court proceedings and records: a strong form rooted in the First Amendment and a slightly weaker form based in federal common law."). Under the First Amendment and common law, the public has a right of access to complaints in pending suits. *See Bernstein v. Bernstein Litowitz Berger & Grossmann*, 814 F.3d 132, 140-141 (2d Cir. 2016); *see also Newsday, LLC*, 730 F.3d at 164.

As is particularly relevant to Defendant's Motion to Seal Case, the U.S. Court of Appeals for the Second Circuit has concluded that "[a] complaint, which initiates judicial proceedings, is the cornerstone of every case, the very architecture of the lawsuit, and access to the complaint is almost always necessary if the public is to understand a court's decision." *Bernstein*, 814 F.3d at 140. Thus, to seal the case, Haggerty must overcome both the First Amendment and the common law rights of access to court records. He has done neither.

gravel & shea
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
76 St. Paul Street
P.O. Box 369
Burlington, Vermont 05402-0369

- 2 -

"To overcome the First Amendment right of access, the proponent of sealing must 'demonstrat[e] that closure is essential to preserve higher values and is narrowly tailored to serve that interest,'" *Bernstein*, 814 F.3d at 144 (quoting *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)), using "'specific on-the-record findings.'" *Id.* at 145 (quoting *United States v. Erie Cty.*, 763 F.3d 235, 243 (2d Cir. 2014)). In addition, the common law right of access to documents can be overcome only in "'extraordinary circumstances.'" *Id.* at 142 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

Defendant's Motion to Seal Case is silent as to both the First Amendment and the common law rights of access to court records. Accordingly, Defendant has failed to establish a basis to seal this case.

## Conclusion

Because 12 V.S.A. § 522(b) is procedural and therefore the *Erie* doctrine requires application of federal procedure. Even assuming 12 V.S.A. § 522(b) were applicable, it would be nullified here by the First Amendment and the common law rights of access to court records. Defendant has failed to meet his burden under either the First Amendment or the common law rights of access to court records. Accordingly, Nancy Haynes requests that this Court deny Defendant's Motion to Seal the Case.

Dated:    Burlington, Vermont
          November 13, 2019

*Jerome F. O'Neill*
Jerome F. O'Neill, Esq.
Gravel & Shea PC
76 St. Paul Street, 7th Floor, P.O. Box 369
Burlington, VT 05402-0369
(802) 658-0220
joneill@gravelshea.com
For Plaintiff

gravel & shea ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
76 St. Paul Street
P.O. Box 369
Burlington, Vermont 05402-0369

- 3 -