UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

NANCY M. HAYNES,

                 Plaintiff,

     v.

SEAN HAGGERTY,

                 Defendant.

CIVIL ACTION NO.: 2:19-cv-164-cr

## REPLY TO THE RESPONSE IN OPPOSITION TO THE MOTION TO SEAL CASE

Contrary to Plaintiff's argument, there is more to the *Erie*[1] analysis than the location of §522(b) in a title of the Vermont Statutes that addresses "Court Procedure."[2] Properly applied, §522(b) applies in this Court: it does not conflict with any Federal Rule of Civil Procedure or other source of federal law; it is outcome-determinative on the issue of whether the records in the case should be (perhaps temporarily) sealed; and disparate application of the provision encourages forum shopping.

Generally, in a diversity case, "the Rules of Decision Act, 28 U.S.C. § 1652, requires the federal court to apply state law 'as rules of decision in civil actions...in cases where they apply.'" *MyWebGrocer, Inc. v. Adlife Mktg. & Commc'ns Co.*, No. 5:16-CV-310, 2018 WL 8415139, at *2 (D. Vt. Jan. 30, 2018).[3]

---

[1] *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938).

[2] Section 522(b) provides:

> If a complaint is filed alleging an act of childhood sexual abuse, the complaint shall immediately be sealed by the clerk of the court. The complaint shall remain sealed until the answer is served or, if the defendant files a motion to dismiss under Rule 12(b) of the Vermont Rules of Civil Procedure, until the court rules on that motion. If the complaint is dismissed, the complaint and any related papers or pleadings shall remain sealed. Any hearing held in connection with the motion to dismiss shall be in camera.

[3] The Rules of Decision Act provides, in full, "The laws of the several states, except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provide, shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply."

As stated in *MyWebGrocer:*

[A]fter using state conflict-of-laws principles to ascertain the rules of decision that would apply in the state courts of the federal forum, federal courts apply those state rules of decision that are 'substantive' under *Erie*, and are consistent with federal law." *Liberty Synergistics Inc. v. Microflo Ltd.*, 718 F.3d 138, 151–52 (2d Cir. 2013). The distinction between "procedural" and "substantive" rules depends upon two questions: whether the Federal Rules of Civil Procedure (or some other body of federal law) supplies a different answer to the question than state law and whether the choice of state law will determine the outcome. *See Hanna v. Plumer*, 380 U.S. 460, 466 (1965).

2018 WL 8415139, at *2.

The plaintiff does not respond at all on the discussion in the Motion about how the "twin aims of the *Erie* rule" (i.e. "discouragement of forum-shopping and avoidance of inequitable administration of the laws." *Hanna v. Plumer*, 380 U.S. 460, 468, 85 S. Ct. 1136, 1142, 14 L. Ed. 2d 8 (1965)) show that application of 12 V.S.A. §522(b) is proper.  As said in *MyWebGrocer*, the Court also "decide[s] whether applying the state law serves *Erie*'s twin aims: preventing litigants from forum-shopping in hopes of securing a more favorable body of law for their case, and preventing the inequitable administration of justice that might occur if state and federal courts applied different substantive law in similar cases." 2018 WL 8415139, at *3 (quotation marks and citation omitted) (concluding that Vermont's anti-SLAPP statute, which protects defendants from retaliatory lawsuits by providing for dismissal at an early stage of the case, must be applied in state and federal court).

Plaintiff fails to engage in this multi-pronged policy-based analysis, opting instead for a cursory and incorrect analysis of the substantive-procedural prong.

Plaintiff's argument that 12 V.S.A. § 522 does not apply in federal court because it is in Title 12 of the Vermont Statutes and is therefore *per se* a "rule of procedure" and immediately inapplicable in federal Court is an incomplete and erroneous argument.  In addition to the above, this is amply demonstrated by the multitude of cases where the Federal Court has applied statutes

2

from Title 12.  For example, the statutes of limitation are virtually all set out in title 12, and yet the Federal Court applies those regularly when sitting in diversity jurisdiction.

Plaintiff attempts to dodge a central point of the motion to seal by just asserting that "Section 522(b) … does not establish a substantive state law."  Opposition p. 2.  Plaintiff does not explain what basis they have for claiming that the right stated in §522(b) is not substantive, other than to argue that Title 12 contains procedural rules.  The Motion pointed out that the issue here is a limited substantive right, created by the Vermont Legislature, for a defendant to be free of public scrutiny on an allegation of a heinous act such as "childhood sexual abuse" on a temporary basis, until the Court has had the opportunity to do an initial check of whether the claim may proceed.  While not mentioned in the initial Motion, the right in §522(b) also confers another valid and important protection – to prevent the general public from finding out about such allegations before the defendant does.  Section 522(b) makes it so that the defendant must be served, at a minimum, before the allegations are spread to the world.

The Vermont legislature also conveyed a long term substantive right to a defendant who prevails in a motion to dismiss on such a claim, to have the dismissed allegation not placed in the public eye.  The right set out in that section is no mere procedure, or a rule on how a Court is to proceed, but instead has immediate ramifications for the defendant, and potentially – depending on the resolution of a Motion to Dismiss – a permanent effect on the final outcome of a case.  It may determine whether the allegations are placed in the public eye, where such allegations have not been proven or tried but instead have been found insufficient to proceed.

Plaintiff argues that Federal, not state, procedural rules are to be applied in the present suit.  As a general principle, that is not disputed; however, the plaintiff does not describe what alternate federal procedural rule does apply in this situation.  Section 522(b) conveys a

substantive right to a defendant, albeit a limited one; how the Court proceeds with protecting that right is up to the Court, although it is difficult to see a method to do so which is better than that set out by the Vermont Legislature.  The motion requests that statute be applied as written.

Plaintiff alleges generally that a complaint or a case cannot be sealed due to First Amendment rights and the "common law rights of access to court records".  Opposition p. 2. Plaintiff's bare argument is flawed because it ignores that while Constitutional or common law rights may attach, it is also well-established that Federal Courts are empowered to, in the appropriate case, seal documents or a case.  *Matter of New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987): "The First Amendment right of access to criminal proceedings is not absolute" and *United States v. Smith*, 985 F. Supp. 2d 506, 518 (S.D.N.Y. 2013): "…neither the First Amendment nor the common law right of access is absolute."  Since it is known that a Federal Court is empowered to seal a case, the question instead is whether such is appropriate here where the Vermont Legislature has granted a specific and quite limited right to a defendant, and which right – but for the forum-shopping by the plaintiff – would have immediately and automatically already applied.

As plaintiff notes, "It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, 98 S. Ct. 1306, 1312, 55 L. Ed. 2d 570 (1978).  Plaintiff generalizes their approach and combines "both the First Amendment and the common law rights of access to Court records."  Those two are separate.  *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988): "With regard to substantive requirements, we find it necessary to decide whether the interests of The Washington Post arise

4

from the First Amendment or from the common law right of access."  Different standards apply

between those two; they have varying levels necessary to meet before a case is properly sealed.

Plaintiff does not discuss which applies.  The standard under the First Amendment is more

rigorous and so is discussed here; since the First Amendment standard is satisfied here, the

standard required by the common law is met also.  The common law standard is not as high a bar

as that which applies under the First Amendment:

> The common law does not afford as much substantive protection to the interests of the press and the public as does the First Amendment. Under common law, there is a presumption of access accorded to judicial records. *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597, 98 S.Ct. 1306, 1311, 55 L.Ed.2d 570 (1978). This presumption of access, however, can be rebutted if countervailing interests heavily outweigh the public interests in access. The trial court may weigh "the interests advanced by the parties in light of the public interests and the duty of the courts." *Id.* at 602, 98 S.Ct. at 1314. The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption. *Hotel Rittenhouse Assoc.,* 800 F.2d at 344. The trial court's denial of access to documents is then reviewed only for abuse of discretion.

*Rushford v. New Yorker Magazine, Inc.,* 846 F.2d 249, 253 (4th Cir. 1988)

The First Amendment standard is different: "Under the First Amendment, on the other

hand, the denial of access must be necessitated by a compelling government interest and

narrowly tailored to serve that interest."  *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249,

253 (4th Cir. 1988).

Under *Rushford*, it is appropriate and necessary that the Court Seal this case in the

manner described in 12 V.S.A. §522(b), as it protects substantial rights of a defendant and is

narrowly tailored and does not impact any substantial public interest.

More to the point, the Vermont Legislature has enacted a statute squarely on point, and

until that is shown to be unconstitutional, that statute shows the "compelling government

interest" and the narrow tailoring which satisfies the First Amendment test discussed in

*Rushford.*  There is a general presumption that state statutes are constitutional.  See *Kramer v. Union Free Sch. Dist. No. 15*, 395 U.S. 621, 627, 89 S. Ct. 1886, 1890, 23 L. Ed. 2d 583 (1969), referring to "the general presumption of constitutionality afforded state statutes…" and also "[t]he presumption of constitutionality and the approval given 'rational' classifications in other types of enactments are based on an assumption that the institutions of state government are structured so as to represent fairly all the people."

Section 522(b) was enacted June 27, 1990.  No reported case indicates a Constitutional challenge to that section.  The only reported case which refers to that section is *Doe v. Doe*, 172 Vt. 533, 534 (2001), where the statute was applied.

The statute language makes it clear that the Vermont legislature is protecting substantial rights by that subsection of the statute, indicating the "compelling interest."  The statute directs immediate action automatically by the Clerk of the Court.  It is not discretionary, or subject to review by the Vermont Court; instead, the right expressed in that statute (for the defendant's privacy to be temporarily protected until an initial step occurs) is protected and that is it. Further, and beyond the language of the statute, the reason for the right conferred is immediately apparent.  The danger of harm to a defendant's reputation just from an  allegation of childhood sexual abuse, even before any proof is offered, is immediate and once such allegations are in the public, they cannot readily be recalled or eliminated.  The Vermont Legislature has created such substantive right, and clearly and undisputedly conferred it in exactly the situation in this case, and upon the group of people which includes this defendant.

The denial of access is also narrowly tailored to serve the interest indicated by the statute. The right conferred is temporary - only until a decision on a Motion to Dismiss or an answer being filed.  Thus, the impact on the public interest is reduced as best it can.  If the case is

determined to have sufficient merit to proceed, then the right disappears and the public is informed.  This shows the legislature narrowly tailored the statute, satisfying strict scrutiny.

It is also noted that the allegation here is that the acts at issue occurred 47 years ago, in 1972.  Amended Complaint, Doc. 12, ¶¶8-10.  There is no allegation that such acts are on-going. Therefore, the interests of the public are relatively minor in that there is no allegation of any on-going public threat.

Next, the statute cannot at this time be found unconstitutional.  The plaintiff challenges the constitutionality of 12 V.S.A. §522(b): "it would be nullified here by both the First Amendment… ."  Opposition p. 2.  There is no way that §522(b) is not applicable to this litigation; the plaintiff has alleged childhood sexual abuse (exactly as contemplated by that statute) and indeed plaintiff herself explicitly relies on 12 V.S.A. §522.  Amended Complaint, Doc. 12, ¶16.  Plaintiff has not complied with F.R.C.P. 5.1(a), and cannot proceed with the constitutional challenge absent her compliance with the Rule.  The question must be certified to the Vermont Attorney General: F.R.C.P. 5.1(b) and "In any […] suit, […] to which a State or any agency, officer, or employee thereof is not a party, wherein the constitutionality of any statute of that State affecting the public interest is drawn in question, the court shall certify such fact to the attorney general of the State… ."  28 U.S.C.A. § 2403.  Until the Vermont Attorney General is notified and the period indicated in Rule 5.1(c) expires, the Court may deny the constitutional challenge, but cannot enter a final judgment holding 12 V.S.A. §522(b) to be unconstitutional.  F.R.C.P. 5.1(c).

If notice to, and opportunity to respond by, the Vermont Attorney General is going to occur, defendant requests the Court grant a seal of the Amended Complaint and all related documents on a temporary basis only until the Constitutionality has been addressed, to preserve

the right as described in §522(b).  Doing otherwise would extinguish the right before it has even been examined and in effect deem unconstitutional the statute.  Notifying the Attorney General and allowing them to respond takes time, which period of time is exactly the subject of the right at issue.  The right could be extinguished and argument on it rendered moot simply by such a delay, regardless of the validity of such right.

CONCLUSION

The right expressed in 12 V.S.A. §522(b) is a substantive right, and therefore that statute is appropriately applied under the *Erie* analysis.  The statute cannot be held unconstitutional absent involvement of the Vermont Attorney General.  Until the statute is deemed unconstitutional, there is a presumption of constitutionality.  That statute shows both the compelling state interest (minimal privacy protection for people alleged to have committed a heinous act) and also a narrowly tailored approach (short timeframe, limited to only this type of allegation) squarely meeting requirements allowing Court proceedings and documents to be sealed and satisfying the First Amendment and common law requirements of public access to the Courts.

Defendant requests that 12 V.S.A. §522(b) be applied to seal this case and that any hearing be held in camera until the Motion to Dismiss has been ruled on.

Dated: Rutland, Vermont
       November 14, 2019                                RYAN SMITH & CARBINE, LTD.

                                          By:   /s/ *Antonin Robbason*
                                                _____
                                                Antonin Robbason, Esq.
                                                Mark F. Werle, Esq.
                                                Francesca M. Bove, Esq.
                                                *Attorneys for the defendant*
                                                SEAN HAGGERTY
                                                P.O. Box 310
                                                Rutland, VT 05702-0310
                                                (802) 786-1070

mfw@rsclaw.com
fmb@rsclaw.com
aizr@rsclaw.com