UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.... .. .. .. .. :..
DISTR.... .. .. .. ...T
.. ...

2020 MAY 19  PM 4: 44

CLERK

BY_____ [signature]_____
DEPUTY CLERK

NANCY M. HAYNES,                    )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )      Case No. 19-cv-00164
                                    )
SEAN A. HAGGERTY,                   )
                                    )
        Defendant.                  )

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING DEFENDANT'S MOTION TO SEAL
(Docs. 16, 20)

Plaintiff Nancy M. Haynes brings this action against Defendant Sean A. Haggerty, alleging that Defendant sexually abused her in Vermont when she was between the ages of fourteen and sixteen years old in violation of 12 V.S.A. § 522.[1]  Pending before the court are Defendant's motion to dismiss the Amended Complaint for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 16), as well as his motion to seal the case (Doc. 20).  On November 13, 2019, Plaintiff opposed Defendant's motion to seal, and Plaintiff replied on November 14, 2019.  Plaintiff opposed Defendant's motion to dismiss on December 2, 2019, and Plaintiff replied on December 16, 2019.  On January 14, 2020, the court heard oral argument on the motions, at which time it took them under advisement.

Plaintiff is represented by Jerome F. O'Neill, Esq., and Hillary A. Borcherding, Esq.  Defendant is represented by Antonin I.Z. Robbason, Esq., Francesca Bove, Esq., and Mark F. Werle, Esq.

---

[1] According to the Amended Complaint, Defendant legally changed his name from Sue to Sean and began identifying as a man in 2007.  In this Opinion, Defendant is identified using male pronouns.

## I.     Allegations in the Amended Complaint.

The Amended Complaint alleges that Defendant "repeatedly committed acts of childhood sexual abuse against Plaintiff in multiple states, including in Vermont" between 1971 and 1973. (Doc. 12 at 2, ¶ 7.) According to the Amended Complaint, Plaintiff and Defendant traveled to Vermont for an equestrian event in 1972 and Defendant "repeatedly sexually assaulted Plaintiff, including [by] Defendant inserting his fingers into the Plaintiff's vagina[,]" during the two-week period they were in Vermont. *Id.*, ¶ 9. After Plaintiff reported her claims to a Virginia sheriff's department in 1986, Defendant allegedly "admitted to sexual contact with Plaintiff when Plaintiff was [fourteen] years old" in an interview with a sheriff's deputy. *Id.* at 3, ¶ 13.

In Count I of the Amended Complaint, Plaintiff alleges a claim of Childhood Sexual Abuse pursuant to 12 V.S.A. §522(c) based on violations of three Vermont state statutes "as they existed at the time of the conduct and assaults[,]" *id.*, ¶ 19: 13 V.S.A. § 2602 (lewd or lascivious conduct with a child), 13 V.S.A. § 3252 (sexual assault), and 13 V.S.A. § 3253 (aggravated sexual assault). Count II of the Amended Complaint alleges a claim for Intentional Infliction of Emotional Distress, asserting that Defendant's "atrocious behavior" caused Plaintiff to suffer "acute depressive episodes and other mental health damages." *Id.* at 4, ¶¶ 23-24. Plaintiff seeks compensatory and exemplary damages in an amount exceeding $75,000 exclusive of interest and costs. *Id.* at 4-5.

## II.    Conclusions of Law and Analysis.

### A.     Whether Dismissal for Improper Venue is Warranted Pursuant to Fed. R. Civ. P. 12(b)(3).

Defendant, a Virginia resident, seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(3), asserting that venue is improper in Vermont because he does not reside in Vermont, no substantial part of the events giving rise to Plaintiff's claims occurred in this district, and there is another district in which this action may be brought. In response, Plaintiff contends that Defendant's alleged assaults against her in Vermont over a two-week period in 1972 constitute a substantial part of the events giving rise to her claims, rendering venue in the District of Vermont proper.

2

Venue is proper in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

"[A]s the Supreme Court explained . . . the purpose of statutorily defined venue is to protect the *defendant* against the risk that a plaintiff will select an unfair or inconvenient place of trial." *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 432 (2d Cir. 2005) (citing *Leroy v. Great W. United Corp.*, 443 U.S. 173, 183-84 (1979) (emphasis in original)). "On a motion to dismiss for improper venue under Rule 12(b)(3), the burden of proof lies with the plaintiff to show that venue is proper." *Gater Assets Ltd. v. AO Gazsnabtranzit*, 413 F. Supp. 3d 304, 313 (S.D.N.Y. 2019) (internal quotation marks and citation omitted).

Plaintiff alleges that Defendant sexually abused her from 1971 through 1973 "in multiple states, including in Vermont." (Doc. 12 at 2, ¶ 7.) Plaintiff has been a Vermont resident since 1978 and alleges that she has suffered psychological effects as a result of the alleged abuse throughout her adult life.

"[F]or venue to be proper" based on the "substantial part" prong of § 1391(b), "significant events or omissions material to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere." *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005) (emphasis omitted). "'Substantiality' for venue purposes is more a qualitative than a quantitative inquiry" which considers whether "material acts or omissions within the forum bear a close nexus to the claims[.]" *Daniel*, 428 F.3d at 432-33.

Courts considering venue for claims of sexual abuse and other sexual misconduct have held that where the alleged wrongful acts occurred in more than one state, venue is

3

proper in any of those states even if the proportion of the total misconduct that occurred in a particular state is relatively small. For example, in *Gwynn v. TransCor America, Inc.*, the court considered a challenge to venue in the District of Colorado when the plaintiff asserted claims pursuant to 42 U.S.C. § 1983 against two contractors who transported her on a 145-hour journey through multiple states, alleging that one guard sexually assaulted her during the two-hour portion of the drive that took place in Colorado and the other guard failed to prevent at least one sexual assault during that same time period. *See* 26 F. Supp. 2d 1256, 1262 (D. Colo. 1998). The court found that "[b]ecause the events that allegedly took place in Colorado could support Gwynn's claim even without the events alleged to have occurred in other states, they form a substantial portion of the events giving rise to her claim[,]" venue in Colorado was therefore proper. *Id.* at 1262.[2]

Similarly, in *Calkins v. Dollarland, Inc.*, a court considering whether New Jersey was a proper venue for claims of harassment and sexual harassment that occurred predominantly in Pennsylvania cited *Gwynn* and found that venue may be proper "where an illegal action was repeated in more than one state and venue was laid in a state that accounted for only a small number of those actions." 117 F. Supp. 2d 421, 427 (D.N.J. 2000). In concluding venue was proper in New Jersey because plaintiff experienced harm from the defendants' allegedly wrongful conduct while she lived there, the court noted that "courts have held that the impact of far away acts or omissions, combined with other activities in the forum, is sufficiently substantial to sustain venue." *Id.*

The analysis in *Gwynn* and *Calkins* is consistent with the Second Circuit's holding

---

[2] Defendant urges the court to consider a Vermont case involving claims by a prisoner against TransCor America, LLC in which the court determined that venue in Vermont was improper because "the claims focus on a Tennessee company, its employees, and their allegedly malicious conduct." *Tucker v. TransCor America, LLC*, 2008 WL 4559832, at *3 (D. Vt. Oct. 8, 2008). However, the *Tucker* court noted that a putative class action suit against TransCor brought by four Vermont inmates had already been transferred from Vermont to the Middle District of Tennessee and "the interests of judicial economy and administration strongly favor having the same court preside over all cases involving TransCor's treatment of Vermont prisoners." *Id.*, at *4. There are no similar considerations in this case.

that "material acts or omissions within the forum [that] bear a close nexus to the claims" qualify as a "substantial part" of the events giving rise to a claim for venue purposes. *Daniel*, 428 F.3d at 433. Here, although two weeks represents a fraction of the time during which Defendant purportedly abused Plaintiff, the abuse that allegedly occurred in Vermont could sustain Plaintiff's claims of childhood sexual abuse pursuant to 12 V.S.A. §522(c) without reference to other alleged incidents of abuse in other states. Plaintiff has thus established that venue is proper in Vermont because a substantial part of the events giving rise to her claims took place in this judicial district. Defendant's motion to dismiss the Amended Complaint for improper venue is therefore DENIED.

## B.    Whether Plaintiff's Claims Are Barred By Claim Preclusion.

Defendant seeks dismissal of Plaintiff's claims because they were raised and adjudicated in two previous lawsuits filed in Virginia state court and, under Virginia law, the dismissal of the second suit with prejudice on statute of limitations grounds constitutes a final adjudication on the merits that this court is required to afford full faith and credit. Plaintiff counters that her claims under Vermont law are not subject to *any* statute of limitations and that claim preclusion does not apply.

"The Full Faith and Credit Act provides that 'judicial proceedings of any court of any [ ] State . . . shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken.'" *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 87 (2d Cir. 2000) (quoting 28 U.S.C. § 1738) (alterations in original). "To determine the effect of a state court judgment, federal courts, including those sitting in diversity, are required to apply the preclusion law of the rendering state." *Id.* Accordingly, Virginia law governs the preclusive effect of its state-court judgments.

"In the Commonwealth, claim preclusion is encompassed by Rule 1:6," *D'Ambrosio v. Wolf*, 809 S.E.2d 625, 628 (Va. 2018), which provides:

> A party whose claim for relief arising from identified conduct, a transaction, or an occurrence, is decided on the merits by a final judgment, shall be forever barred from prosecuting any second or subsequent civil action against the same opposing party or parties on any claim or cause of

> action that arises from that same conduct, transaction or occurrence,
> whether or not the legal theory or rights asserted in the second or
> subsequent action were raised in the prior lawsuit, and regardless of the
> legal elements or the evidence upon which any claims in the prior
> proceeding depended, or the particular remedies sought.

Va. Sup. Ct. R. 1:6(a).

Consistent with Rule 1:6, "a judgment of dismissal which expressly provides that it is 'with prejudice' operates as *res judicata* and is as conclusive of the rights of the parties as if the suit had been prosecuted to a final disposition adverse to the plaintiff." *Lambert v. Javed*, 641 S.E.2d 109, 110 (Va. 2007) (citation omitted). In Virginia,

> [t]he policy underlying both the res judicata doctrine and a dismissal with
> prejudice is that when a plaintiff's claim against a defendant has been
> resolved adversely to the plaintiff, whether on the merits or because of
> another bar to recovery such as sovereign immunity or the statute of
> limitations, the plaintiff is not allowed to subject the defendant to repetitive
> litigation on the same, previously resolved claim.

*Id.* at 111. A dismissal with prejudice therefore precludes subsequent litigation of the same claims. *See id*; *see also* C. Johnston, *Trial Handbook for Virginia Lawyers*, § 3:15 Westlaw (March 2019 update) (citing *Lambert*, 641 S.E.2d at 111) ("A dismissal of one of two identical pending actions 'with prejudice' as being barred by the statute of limitations acts as a complete bar to the other action under the principles of res judicata, even if the different procedural postures of the two cases arguably results in different tolling and limitations periods for the other.").

Following the dismissal of her 1991 suit on statute of limitations grounds, Plaintiff sued Defendant in Virginia state court a second time in 2014, alleging that Defendant sexually abused her between 1971 and 1975, including in Vermont. (*See* Doc. 16-2 at 4, ¶¶ 13-14) (alleging that beginning in 1972, Defendant "would take [Plaintiff] with [him] to Vermont each year for an endurance ride . . . over Labor Day weekend" and that Defendant sexually abused Plaintiff in "a private home in Barnard, Vermont").

Plaintiff filed her 2014 case after Virginia amended its laws to extend the statute of limitations for claims of personal injury from childhood sexual abuse to "two years after the right to bring such action" accrues, VA. CODE ANN. § 8.01-248 (West 2019),

which occurs either when the victim reaches the age of maturity "or when the fact of the injury and its causal connection to the sexual abuse is first communicated to the [victim] by a licensed physician, psychologist, or clinical psychologist[,]" whichever is later. *Id.* § 8.01-249(6). The Virginia trial court declined to apply the extended statute of limitations in Plaintiff's 2014 suit and dismissed her claims with prejudice, finding that her "extremely protracted failure to act though being fully aware of Defendant's sexual misconduct . . . so egregiously undermined the Defendant's constitutional rights to due process and deprivation of property as to require this Court to sustain Defendant's Plea in Bar."[3] (Doc. 16-4 at 8) (emphasis in original).

Plaintiff appealed the trial court's dismissal with prejudice and the Virginia Supreme Court affirmed, holding that Virginia's amended statute of limitations did not apply to claims that existed prior to October 1, 1977. *See Haynes v. Haggerty*, 784 S.E.2d 293, 295 (Va. 2016) (finding that "[Plaintiff's] causes of action all existed before the effective date of" the amended statute of limitations and "the statutes of limitations for those causes of action are the same as if [the amended provision] had not been enacted"). Plaintiff chose to assert her Vermont-based sexual abuse claims in the Virginia courts and to seek adjudication of them there. The dismissal with prejudice of Plaintiff's claims against Defendant arising from the same conduct at issue in this case thus stands as the final decision of the Virginia courts. Because Virginia law prohibits Plaintiff from "subject[ing] the [D]efendant to repetitive litigation on the same, previously resolved claim[,]" *Lambert*, 641 S.E.2d at 111, and because this court must afford that final determination full faith and credit, Defendant's motion to dismiss Plaintiff's Amended Complaint for failure to state a claim must be GRANTED.

---

[3] "A plea in bar asserts a single issue which, if proved, creates a bar to a plaintiff's recovery. The party asserting a plea in bar bears the burden of proof on the issue presented." *Hawthorne v. VanMarter*, 692 S.E.2d 226, 233 (Va. 2010) (internal citations omitted). In Plaintiff's 2014 suit, Defendant filed a plea in bar on statute of limitations grounds.

C.    **Whether to Seal the Case Pursuant to 12 V.S.A. § 522(b).**

Defendant argues that 12 V.S.A. § 522(b) affords him a substantive right to have the record in this case sealed. Plaintiff responds that the statute in question is merely a procedural rule that does not apply in this federal proceeding and that First Amendment and common law rights of access outweigh Defendant's individualized interest in sealing. Vermont law provides that:

> If a complaint is filed alleging an act of childhood sexual abuse, the complaint shall immediately be sealed by the clerk of the court. The complaint shall remain sealed until the answer is served or, if the defendant files a motion to dismiss under Rule 12(b) of the Vermont Rules of Civil Procedure, until the court rules on that motion. If the complaint is dismissed, the complaint and any related papers or pleadings shall remain sealed. Any hearing held in connection with the motion to dismiss shall be in camera.

12 V.S.A. § 522(b).[4]

"'Under the *Erie* [*R. R. Co. v. Tompkins*, 304 U.S. 64 (1938)] doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law.'" *Liberty Synergistics Inc. v. Microflo Ltd.*, 718 F.3d 138, 152 (2d Cir. 2013) (quoting *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996)). A state law is "substantive" where its application would make an "important . . . difference to the character or result of the litigation" or would impact "the fortunes of one or both litigants" so dramatically that "failure to enforce it would be likely to cause a plaintiff to choose the federal court." *Id.* (quoting *Gasperini*, 518 U.S. at 428 n.8).

Although Defendant asserts that the application of 12 V.S.A. § 522(b) would have a "permanent effect on the final outcome of [the] case" by potentially shielding the allegations against him from the public eye, (Doc. 25 at 3), the disposition of a collateral issue is not "outcome-determinative" under the *Erie* test, which considers whether

---

[4] To the extent Defendant characterizes Plaintiff's argument based on the First Amendment presumption of access as a challenge to the constitutionality of 12 V.S.A. § 522(b), (*see* Doc. 25 at 7), he seeks to transform Plaintiff's claim. Plaintiff makes no argument that 12 V.S.A. § 522(b) is unconstitutional; to the contrary, a different subsection of that same statute provides the legal basis for her claims.

"application of the state rule would wholly bar recovery" or otherwise dictate which party prevails on the merits of the case. *Hanna v. Plumer*, 380 U.S. 460, 468-69 (1965) (footnote omitted). As a result, federal law governs motions to seal records in federal court even when a state law addresses the type of records at issue. *See, e.g.*, *Loertscher v. Schimel*, 2015 WL 5749827, at *12 (W.D. Wis. Sept. 30, 2015) (finding the "court is not automatically obligated to seal the records of [plaintiff's] [child protective services] proceeding simply because Wisconsin law provides that such records are confidential"); *see also Tower v. Leslie-Brown*, 167 F. Supp. 2d 399, 405 (D. Me. 2001) (finding that "the statutes closing the state [child protective] proceedings do not govern this civil rights action in federal court").

"Federal courts employ two related but distinct presumptions in favor of public access to court proceedings and records: a strong form rooted in the First Amendment and a slightly weaker form based in federal common law." *Newsday LLC v. Cty. of Nassau*, 730 F.3d 156, 163 (2d Cir. 2013). "[T]he First Amendment right applies to civil trials and to their related proceedings and records." *Id.* (internal quotation marks and citation omitted). "[T]he presumptive right of access" under the First Amendment "prevails unless it is overcome by specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Id.* at 165 (internal quotation marks and citation omitted).

The common law right to public access applies to "judicial documents" that are "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (citations omitted). "In contrast to the First Amendment right, the common law right attaches with different weight depending on two factors: (a) the role of the material at issue in the exercise of Article III judicial power and (b) the resultant value of such information to those monitoring the federal courts." *Newsday LLC*, 730 F.3d at 165 (internal quotation marks and citation omitted). The value of the presumptive right of access is "balanced against countervailing interests favoring secrecy[,]" *id.*, which may include "the danger of impairing law enforcement or judicial efficiency and the privacy interests of those

9

resisting disclosure." *Lugosch*, 435 F.3d at 120 (internal quotation marks and citation omitted).

To determine how much weight to afford an asserted privacy right a court must "first consider the degree to which the subject matter is traditionally considered private[,]" and then consider "[t]he nature and degree of injury[.]" *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995). Although "the privacy interests of innocent third parties should weigh heavily in a court's balancing equation[,]" *id.* at 1050 (internal alterations and citation omitted), the privacy interests of the parties merit lesser weight. Accordingly, while a defendant's right to privacy is important, "the potential for embarrassment" from the "highly sensitive nature" of child sexual abuse allegations does not presumptively outweigh the right to public access. *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019) (rejecting district court's rationale for sealing numerous documents in case involving high-profile allegations of sexual misconduct involving minors). For this reason, in sexual abuse cases, courts have sealed documents to protect the identities of minor victims but have generally not protected the identity of an adult defendant accused of sexual abuse of a minor. *Compare Kavanaugh v. Zwilling*, 997 F. Supp. 2d 241, 256 (S.D.N.Y. 2014) (sealing records of church court decisions "as the decisions contain sensitive and personal information about the sexual abuse of a [non-party] minor") *with Sinclair v. Brill*, 815 F. Supp. 44, 52 (D.N.H. 1993) (denying defendants' request to seal case stating claims of childhood abuse, finding defendants' privacy interests were insufficient to "withdraw from public scrutiny the judicial process that has occurred and will occur in this case").

The documents Defendant seeks to seal are "judicial documents" subject to a presumptive right of public access because they are essential to the court's performance of its judicial duties. *See Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 140 (2d Cir. 2016) (holding that "[p]leadings plainly meet" the test for judicial documents); *see also id.* ("[T]he modern trend in federal cases is to classify pleadings in civil litigation (other than discovery motions and accompanying exhibits) as judicial records.") (internal quotation marks and citation omitted). Defendant's asserted privacy

10

interest in these records is undermined by the Virginia proceedings that he contends are duplicative of this case, which are not sealed and which recite the same or similar facts. *See Loertscher*, 2015 WL 5749827, at *13 (noting that privacy interest was diminished "[i]n light of the fact that [plaintiff's] story is already out" such that sealing would not protect confidentiality). Because this diminished privacy interest does not outweigh the heavy presumption in favor of public access, Defendant's motion to seal is DENIED. *See Brown*, 929 F.3d at 48, 48 n.20 (reversing district court's decision to seal documents which "openly refer to and discuss . . . allegations of sexual assault and sexual trafficking in comprehensive detail," finding "no countervailing privacy interest sufficient to justify their continued sealing") (internal quotation marks and citation omitted).

## CONCLUSION

For the foregoing reasons, the court GRANTS Defendant's motion to dismiss (Doc. 16) with prejudice and DENIES Defendant's motion to seal the case (Doc. 20). SO ORDERED.

Dated at Burlington, in the District of Vermont, this _19th_ day of May, 2020.

Christina Reiss, District Judge
United States District Court